UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEWAYNE RICHARDSON,<br><br>                Plaintiff,<br>    v.<br>JERRY HOWELL, *et al.*,<br><br>                Defendants. | Case No. 3:20-cv-00537-MMD-CLB<br><br>ORDER |

This action began with an application to proceed *in forma pauperis* and a *pro se* civil rights complaint filed by Plaintiff Dewayne Richardson. (ECF Nos. 1-1, 4.) On June 21, 2021, the Court issued an order dismissing Richardson's complaint with leave to amend and directed Richardson to file an amended complaint within 30 days. (ECF No. 5.) The 30-day period has now expired, and Richardson has not filed an amended complaint or otherwise responded to the Court's order.

Richardson's application to proceed *in forma pauperis* is granted. (ECF No. 4.) Based on the information regarding Richardson's financial status, the Court finds that Richardson is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. Richardson will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

(affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Richardson to file an amended complaint within 30 days expressly stated: "It is further ordered that, if Richardson fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim." (ECF No. 5 at 13.) Richardson thus had adequate warning that dismissal

///

would result from his noncompliance with the Court's order to file an amended complaint within 30 days.

It is therefore ordered that Richardson's application to proceed *in forma pauperis* (ECF No. 1) is granted. Richardson shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

It is further ordered that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of *Dewayne Richardson, #1011334* to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

The Clerk of Court is directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that this action is dismissed with prejudice based on Richardson's failure to file an amended complaint in compliance with this Court's June 21, 2021 order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 19th Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE